UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY WILLOUGHBY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

CASE NO. 2:14-cv-10861

HON. MARIANNE O. BATTANI

**OPINION AND ORDER OVERRULING THE PLAINTIFF'S OBJECTIONS
AND ADOPTING THE REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

Before the Court are the Plaintiff's objections to Magistrate Judge Whalen's January 27, 2015, Report and Recommendation ("R&R").  (Doc. 20.)  In the R&R (Doc. 19), the Magistrate Judge recommended that the Court grant Defendant's motion for summary judgment (Doc. 17) and deny Plaintiff's motion for summary judgment (Doc. 15).  For the reasons that follow, the Court **OVERRULES** the Plaintiff's objections and **ADOPTS** the R&R.

**II.   STATEMENT OF FACTS**

As the parties have not objected to the R&R's recitation of the facts, the Court adopts that portion of the R&R.  (See Doc. 19, pp. 2-11).

**III.   STANDARD OF REVIEW**

    **A.   Objections to a Magistrate Judge's R&R**

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The Sixth Circuit has made clear that "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006). Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the R&R that are legitimately in contention. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986) (per curiam). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." Spencer, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380).

**B. Standard of Review in Social Security Cases**

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider that record as a whole. Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the ALJ or this Court discuss every piece of evidence in the administrative record. Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006). Further, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007).

**IV. DISCUSSION**

### A. Objections to the Step Three Findings and Recommendations

First, Plaintiff objects to Magistrate Judge Whalen's conclusion that although the Administrative Law Judge's (ALJ's) findings regarding the psychological "B-Criteria" are not stated directly, the "administrative decision as a whole contains ample support for the Step Three findings." (See Doc. 19, p. 14.) As described above, the Court reviews whether the Commissioner's decision is supported by substantial evidence. Rogers, 486 F.3d at 241. Both the ALJ and Magistrate Judge cite to specific evidence in the record supporting the "B-Criteria" findings. The ALJ writes,

> The claimant's leisure activities include spending time on the computer, playing games and accessing Facebook, crocheting, and reading (Exs. B4F, pp. 2, 22; testimony), which pastimes are indicative of concentration and focusing abilities. The claimant is independent with respect to all daily living skills, including caring for her personal needs, ambulation/mobility, medication administration, laundry, cooking, transportation, housecleaning, and paying bills *(Id.,* pp. 21, 22; testimony). The state agency examining physician described the claimant's memory, concentration, insight, and judgment as intact, normal, and appropriate (Ex. B6F, p. 2).
> . . .
> When considering the state agency report (Ex. B6F), as well as the claimant's activities of shopping, laundry, meal preparation, driving, socializing and playing games via computer, and reading, as discussed above, I find the claimant is capable of work as set forth in more detail in the residual functional capacity, particularly noting the absence of any significant longitudinal treatment history to the contrary.

(Tr. 33-34.) Further, after reviewing Plaintiff's records, the state agency reviewing source Bruce G. Douglass, Ph.D., determined that Plaintiff had only mild limitations in activities of daily living and social functioning and moderate limitations in concentration, persistence, and pace, thus providing support for the ALJ's conclusions. (Tr. 100-01.)

4

Although two opinions rendered by psychiatrist Mohammad Saeed, M.D., and psychologist/counselor Thomas Pope, LLP, indicate greater psychological impairment than Dr. Douglass' assessment, these opinions were addressed by the ALJ.  An ALJ must "always give good reasons" in a decision for the weight assigned to a treating source's opinion. 20 C.F.R. § 416.927(c)(2).  Here, regarding Dr. Saeed's opinion, the ALJ explained that he afforded it limited weight because the treatment relationship was only newly established and because the Global Assessment of Functioning (GAF) score of 40 was inconsistent with the examination findings and appears to have been based on the Plaintiff's subjective complaints.  (Tr. 27.)  Regarding Pope's assessment, the ALJ noted that he was not an acceptable medical source in accordance with 20 C.F.R. §§ 404.1513, 416.913 and because his assessment seemed out of proportion with Plaintiff's own reported activities and social functioning.  (Tr. 30.)  Because this reasoning is logical and reasonable in light of the record as a whole, the ALJ provided good reason for his conclusions.

Plaintiff has not provided any authority rebutting the Magistrate Judge's determination that a reviewing court may look to the entirety of the decision or record in support of an ALJ's conclusions.  (See Doc. 19, pp. 14-15 (citing Bledsoe v. Barnhart, 165 F. App'x 408, 411 (6th Cir. 2006) (an ALJ's Step Three findings need not include a detailed discussion of why the claimant's condition does not meet a listing, so long as the ALJ's factual findings, taken as a whole, establish non-disability at Step Three); Staggs v. Astrue, No. 2:09-cv-00097, 2011 U.S. Dist. LEXIS 87778 at *8 (M.D. Tenn. Aug. 8, 2011) (through Bledsoe,

5

the Sixth Circuit has "implicitly endorsed the practice of searching the ALJ's entire decision for statements supporting his step three analysis.").) Because the ALJ's "B-Criteria" findings are supported by substantial evidence, the Court adopts the R&R's conclusions relating to this issue.

Second, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ did not err in finding that the October 2012 findings made by treating physician Lela Torres, M.D., were unsupported by the record. Plaintiff claims that the ALJ failed to specify the weight he assigned to this opinion evidence or discuss whether it is supported by the records. The ALJ discussed all of Dr. Torres' findings in detail in his decision. As to Dr. Torres' January 2012 opinion, the ALJ assigned greater weight to Dr.Torres' treatment notes than to the Physical Residual Functional Capacity Questionnaire she completed, noting that the questionnaire was completed less than three months after Plaintiff's initial visit. (Tr. 30.) As to the October 2012 assessment, the ALJ observed that Dr. Torres completed only a checklist-type form and was not substantiated by objective evidence. (Tr. 31.)

The record supports the ALJ's assessments of these opinions. Although there is no doubt that Plaintiff walks with a limp and experiences limited range of movement, pain, and swelling in her shoulder, hands, and knee, her course of treatment for her muscle and joint pain has remained conservative. Dr. Torres recommended that Plaintiff rely on over-the-counter NSAIDS, Vicodin two to three times per week, Zanaflex, prednisone, and wrist braces for pain management. (Tr. 331-32.) In late 2011, Plaintiff reported some improvement

6

from the use of prednisone.  (Id.)  Dr. Torres also encouraged Plaintiff to remain mobile.  (Id.)  November 2011 treatment notes indicate that no x-rays had been taken at that point – therefore, there is no objective evidence to support Dr. Torres' January 2012 assessment of Plaintiff's physical limitations.  (Id.) Additionally, a consultative examination was conducted by R. Scott Lazzara, M.D., in November 2011.  (Tr. 324.)  Dr. Lazzara observed no evidence of joint laxity, crepitance, or effusion, though there was some tenderness over the left AC joint and lower lumbar area.  (Tr. 325)  Plaintiff's grip and dexterity were unimpaired, and she had no difficulty getting on and off the examination table. (Id.)  Plaintiff had some difficulty heel-toe walking and squatting and had decreased range of motion in her left shoulder.  (Id.)  Dr. Lazzara diagnosed mild osteoarthritic impairment with moderate physical impairment.  (Tr. 327-28.) Taking this evidence together, the ALJ's conclusion that the evidence does not support the extent of impairment indicated in Dr. Torres' January 2012 opinion is reasonable.

     Plaintiff's treatment with Dr. Torres was largely unchanged over the following months.  She began treatment with steroid injections for her shoulder pain in May 2012.  (Tr. 344.)  In September, Dr. Torres considered sending Plaintiff for a rheumatology evaluation.  (Tr. 343.)  Although Plaintiff complained of worsening pain over the summer (id.), there is no objective evidence to substantiate such a markedly deteriorating condition as reflected in Dr. Torres' October 2012 assessment of Plaintiff's physical limitations.  Accordingly,

7

substantial evidence exists supporting the ALJ's decision to afford limited weight to this opinion.

## V. CONCLUSION

The Court notes that the R&R identifies and addresses much of the same evidence and comes to the same conclusions as discussed here. Accordingly, for the foregoing reasons, the Court **OVERRULES** the Plaintiff's objections and **ADOPTS** the R&R granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment.

**IT IS SO ORDERED.**

Date: February 27, 2015
s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 27, 2015.

s/ Kay Doaks
Case Manager